IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | No. 2:20-CR-20178-SHL |
| LEMARCO BEAM, <br>　　　　Defendant. | ) <br> ) <br> ) | FILED IN OPEN COURT <br> DATE: 2/9/22 |
| PLEA AGREEMENT | | TIME: 10:30 AM <br> INITIALS: [signature] |

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the following constitutes the Plea Agreement reached between the UNITED STATES, represented by JOSEPH C. MURPHY JR., United States Attorney for the Western District of Tennessee, and MELANIE H. COX, Assistant United States Attorney, and the defendant, LEMARCO BEAM, represented by NEEDUM GERMANY, defense counsel.

1.　　LEMARCO BEAM agrees that he will enter a voluntary plea of guilty to Count 1 of the Indictment, charging as follows: knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that being a Glock Model 19 9mm caliber firearm, said firearm having been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). This offense carries not more than 10 years imprisonment; not more than $250,000 fine, or both, not more than a 3 year period of supervised release and a special assessment of $100. LEMARCO

BEAM agrees that he is entering a voluntary plea of guilty to Count 1 because he is, in fact, guilty of the offense charged in Count 1.

2. Pursuant to this agreement, both the UNITED STATES and LEMARCO BEAM agree that the offense level enhancement at U.S.S.G. § 2K2.1(b)(6) for possessing the firearm in connection with another felony DOES NOT APPLY in this case.

3. Pursuant to this agreement, LEMARCO BEAM agrees to forfeit the firearm as s outlined in the Indictment.

4. Pursuant to this agreement, the UNITED STATES agrees to recommend:

   a. That the defendant receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1;

   b. That following the said term of imprisonment, the defendant be placed on supervised release for a period of time to be determined by the Court;

   c. That the defendant be required to pay a fine amount if ordered by the Court; and,

   d. That the defendant pay the mandatory special assessment fee of $100 per count, said amount due and owing as of the date sentence is pronounced.

   e. Upon sentencing on Count 1, the United States will dismiss Counts 2 and 3 of the Indictment.

5. LEMARCO BEAM understands that if the UNITED STATES receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, the UNITED STATES' position on acceptance of

responsibility credit could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to U.S.S.G. §3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit or impose a sentence as recommended by the UNITED STATES in this agreement shall not be a basis for LEMARCO BEAM to withdraw his guilty plea.

6. LEMARCO BEAM understands that 18 U.S.C. § 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as it is within the applicable guideline range, or lower, whatever the guideline range might be. Further defendant waives and gives up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255. This waiver is made in exchange for the concessions by the UNITED STATES as set forth in this agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

7. LEMARCO BEAM agrees that this Plea Agreement constitutes the entire agreement between himself and the UNITED STATES and that no threats have been made to induce him to plead guilty. By signing this document, LEMARCO BEAM acknowledges that he has read this agreement, has discussed it with his attorney and understands it. LEMARCO BEAM acknowledges that he is satisfied with his attorney's representation.

FOR THE UNITED STATES:
JOSEPH C. MURPHY, JR.
UNITED STATES ATTORNEY


_____     _____
MELANIE H. COX                     Date
Assistant United States Attorney


_____     _____
NEEDUM GERMANY                     Date
Attorney for Defendant


_____     _____
LEMARCO BEAM                       Date
Defendant